UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Brendan Cain,

                Petitioner,     Case No. 17-cv-12268

v.                                    Judith E. Levy
                                        United States District Judge

Mark McCullick,
                                        Mag. Judge Anthony P. Patti
              Respondent.

_____/

**OPINION AND ORDER GRANTING THE MOTION TO HOLD IN ABEYANCE THE PETITION FOR A WRIT OF HABEAS CORPUS [2], ADMINISTRATIVELY CLOSING THE CASE, AND DENYING WITHOUT PREJUDICE THE MOTION FOR THE <u>APPOINTMENT OF COUNSEL [3]</u>**

Brandon Cain, ("petitioner"), confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for two counts of assault with intent to commit murder, MICH. COMP. LAWS § 750.83. Petitioner filed a motion to hold the petition in abeyance to permit him to complete post-conviction proceedings in the state courts, where he is attempting to exhaust

unexhausted claims with the state courts that are not included in his current habeas petition. (Dkt. 2.)

The Court will grant the motion to hold the petition in abeyance. Proceedings will be stayed and this case will be administratively closed under the terms set forth in this opinion to permit petitioner to return to the state courts to exhaust his additional claims. The motion for the appointment of counsel (Dkt. 3) is denied without prejudice.

## I. Background

Petitioner was convicted by a jury in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Cain,* No. 313303, 2015 WL 1814035 (Mich. Ct. App. Apr. 21, 2015); *leave to appeal denied,* 498 Mich. 887 (2015).

Petitioner filed a post-conviction motion for relief from judgment with the trial court, which was denied. *People v. Cain,* No. 12-003375 (Wayne Cty. Cir. Ct. Dec. 13, 2016). Petitioner filed a post-conviction appeal, which remains pending in the Michigan Court of Appeals.

Petitioner filed a petition for writ of habeas corpus on June 21, 2017.[1] Petitioner also filed a motion to hold the case in abeyance while he finishes exhausting additional claims in the state court. Petitioner also filed a motion for the appointment of counsel.

## II. Discussion

### A. The Motion to Hold the Petition in Abeyance Is Granted.

A federal district court has the power to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Nowaczyk v. Warden, N.H. State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002)(holding that district courts should "take seriously any request for a stay"), *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *see also Bowling v. Haeberline,* 246 Fed. Appx. 303, 306 (6th Cir. 2007)(a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served")(quoting *Nowaczyk*, 299 F.3d at 83), *Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015).

---

[1] Under the prison mailbox rule, this Court assumes that petitioner filed his habeas petition on June 21, 2017, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

Although no bright-line rule exists to prevent a district court from dismissing a fully-exhausted habeas petition during the pendency of unexhausted claims in state court, in order for a federal court to justify departing from the "heavy obligation to exercise jurisdiction," there must be a compelling reason to prefer a dismissal over a stay. *Nowaczyk*, 299 F. 3d at 82 (internal quotation omitted); *see also Bowling,* 246 F. App'x. at 306 (district court erred in dismissing petition containing only exhausted claims, as opposed to exercising its jurisdiction over petition, merely because petitioner had independent proceeding pending in state court involving other claims).

The Court grants the motion to hold the petition in abeyance while petitioner finishes exhausting his new claims. In making this determination, "the Court considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the claims the state courts rejected, he would have to clear the high hurdle of filing a second habeas petition." *Thomas,* 89 F. Supp. 3d at 942 (citing 28 U.S.C. 2244(b)(2)). Moreover, "[i]f this Court

were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id.*

Other considerations merit granting a stay. This Court is unable at this point to determine whether petitioner's new claims are meritorious or plainly warrant habeas relief. Accordingly, the Court cannot say that petitioner's claims are "plainly meritless." *Id.* at 943. If the state courts deny post-conviction relief, this Court could still benefit from the state courts' adjudication of these claims in determining whether to permit petitioner to amend his petition to add these claims. *Id.* Finally, respondent would not be prejudiced by a stay, whereas petitioner "could be prejudiced by having to simultaneously fight two proceedings in separate courts and, as noted, if this Court were to rule before the state courts, [petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements" should he seek habeas relief on his new claims. *Id.*

Where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*,

5

544 U.S. 269, 278 (2005). To ensure that there are no delays by petitioner in exhausting state court remedies, this Court imposes time limits within which petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The petition is held in abeyance. This tolling, however, is conditioned on petitioner initiating his state-court post-conviction remedies, which he appears to have done, and returning to federal court within ninety days of completing the exhaustion of his state-court post-conviction remedies. *See Hargrove v. Brigano,* 300 F.3d 717, 718 (6th Cir. 2002) (permitting tolling of the statute of limitations when a petitioner is exhausting his state-court post-conviction remedies). Within ninety days after the conclusion of the state-court post-conviction proceedings, petitioner may move to amend his habeas petition to add his new claims. Otherwise, petitioner must inform the Court that he will proceed with the petition as is.

The Court orders the Clerk of Court to administratively close this case. Nothing in this order shall be considered a disposition of petitioner's petition.

### B. The Motion for the Appointment of Counsel is Denied Without Prejudice

Petitioner filed a motion for the appointment of counsel, (Dkt. 3), which the Court will deny without prejudice. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986).

The Criminal Justice Act (CJA) authorizes a federal court to pay for attorneys who are assigned to represent indigent individuals in habeas corpus actions. 18 U.S.C. § 3006A(a)(2)(B). Subsection (c) of that statute further authorizes expenditures in "ancillary matters appropriate to the proceedings [for which representation is authorized]." However, the overwhelming authority, both for capital and non-capital habeas cases, holds that a habeas petitioner is not entitled to the federal appointment of counsel in state habeas or post-conviction proceedings. *See House v. Bell,* 332 F.3d 997, 999 (6th Cir. 2003)*; King v. Moore*, 312 F.3d 1365 (11th Cir. 2002); *Sterling v. Scott*, 57 F.3d 451 (5th Cir. 1995); *In re Lindsey*, 875 F.2d 1502, 1505-1507 (11th Cir.

7

1989); *Thompson v. Thomas*, Case No. 08-cv-00218, 2008 WL 2096882, at * 5 and n.7 (D.Haw. 2008); *Glassel v. Schriro*, Case No. CV-07-578, 2007 WL 974107 (D.Ariz. 2007); *Morris v. Malfi*, Case No. C 06-7409, 2007 WL 1931857 (N.D. Cal. 2007); *Wainwright v. Norris*, 836 F.Supp. 619, 623 (E.D. Ark. 1993); *McKinney v. Paskett*, 753 F.Supp. 861 (D.Idaho 1990). "The rule is simple. The two representations shall not mix. The state will be responsible for state proceedings, and the federal government will be responsible for federal proceedings." *House,* 332 F. 3d at 999.

Petitioner's post-conviction appeal is currently pending in the Michigan Court of Appeals. It would be premature at this point for the Court to appoint counsel for petitioner. Petitioner can renew his request for the appointment of counsel when he moves to amend and reinstate his petition for writ of habeas corpus. The current motion is denied without prejudice.

### III. Conclusion

For the reasons set forth above, it is hereby ordered that:

Petitioner's motion to hold his petition for writ of habeas corpus in abeyance pending the completion of petitioner's state application for

post-conviction review (Dkt. 2) is GRANTED. The tolling is conditioned on petitioner filing a motion to lift the stay using the same caption and case number within ninety days after the conclusion of the state court post-conviction proceedings. Petitioner shall file an amended habeas petition at that time containing the new claims;

Petitioner's motion to appoint counsel (Dkt. 3) is DENIED WITHOUT PREJUDICE;

The Court orders the Clerk of Court to CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter; and

On receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

IT IS SO ORDERED.

Dated: July 17, 2017            s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY
                                United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's

ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 17, 2017.

s/Shawna Burns<br>
SHAWNA BURNS<br>
Case Manager