UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Brandon Lewis Cain,

                Petitioner,    Case No. 17-12268

v.                              Judith E. Levy
                                United States District Judge

Mark McCullick,
                                Mag. Judge Anthony P. Patti

                Respondent.

_____/

**OPINION AND ORDER DENYING AS MOOT MOTION FOR IMMEDIATE CONSIDERATION [14],
DENYING MOTION TO PERMIT OR FORESTALL FUTURE TRANSERS [15], AND
DENYING AS UNRIPE THE MOTION FOR AN EXTENSION OF TIME TO HOLD IN ABEYANCE THE
PETITION FOR WRIT OF HABEAS CORPUS [17]**

Brandon Cain ("Petitioner") filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) which was held in abeyance to permit Petitioner to return to the state courts to exhaust additional claims. (ECF No. 7.) The case was administratively closed.

There are three motions pending before the Court. First is Petitioner's motion for immediate consideration of his motion to forestall any future prison transfers. (ECF No. 14.) Second is Petitioner's motion

1

to permit or to forestall any future prison transfers. (ECF No. 15.) Finally, Petitioner filed a motion to continue the stay. (ECF No. 17.)

### A. Motion for Immediate Consideration

In his motion for immediate consideration (ECF No. 14), Petitioner seeks to have the Court decide his motion to permit and forestall future transfers, which is separately filed on the docket (ECF No. 15). This Opinion and Order addresses his motion to permit and forestall future transfers. Accordingly, his motion for consideration of that separate motion is denied as moot.

### B. Motion to Permit or Forestall Future Transfers

Next, Petitioner filed a motion to permit or forestall future transfers. (ECF No. 15.) In it, Petitioner details several transfers that have taken place since he filed his original habeas corpus petition. (*Id.*) Petitioner was originally incarcerated in the Eastern District of Michigan when he filed his petition, but has since been transferred to the Alger Maximum Correctional Facility, which is outside of the Eastern District of Michigan. He argues that, before he was transferred to Alger, he was making attempts to have a polygraph test to support an innocence claim

for but the move created a cost-related hardship. He also contends it is more difficult for him to visit with his attorneys while in Alger. (*Id*.)

Petitioner argues that under the Federal Rules of Appellate Procedure, state officials were forbidden from transferring him to another facility absent an application demonstrating the need for a transfer. (*Id.* at PageID.64.) Petitioner is correct that an order of the Court normally is required for the transfer where there is a pending review of a habeas decision. *See* Fed. R. App. P. 23(a); *Cohen v. United States*, 593 F.2d 766, 767, n. 2 (6th Cir. 1979). Appellate Rule 23(a) "was designed in part to preserve the district judge's power over the physical custody of the petitioner by prohibiting the custodian from transferring custody of the prisoner to another, without the authorization of the 'court, justice or judge rendering the decision.'" *Jago v. U.S. Dist. Court, N. Dist. of Ohio, E. Div. at Cleveland*, 570 F. 2d 618, 626 (6th Cir. 1978).

Appellate Rule 23(a) is not applicable to Petitioner to obtain a transfer back to this district, however. Petitioner's habeas petition is being held in abeyance, has not yet been determined, and therefore no appeal is "pending" in this Court for the purposes of Rule 23(a). *See Bridges v. Wolfenbarger,* 2007 WL 325356 *3 (E.D. Mich. Jan. 31, 2007)

3

("[Rule 23(a)] applies only when a habeas petition is before a court of appeals on review of a district court's decision and is therefore inapplicable to habeas petitions that are pending in a federal district court."); *see also Hairston v. Nash*, 165 F. App'x. 233, 235 (3rd Cir. 2006) (Rule 23(a) "is inapplicable to habeas petitions for which no decision has been issued and which are, therefore, not 'pending' appellate review.") Accordingly, Petitioner's motion is denied.[1]

### C. Motion for Extension of Stay

Petitioner sent this Court a letter, which the Court construes as a motion to extend the time to hold his habeas petition in abeyance. (ECF No. 16.) Petitioner has also filed a motion to continue the stay. (ECF No. 17.) In both, Petitioner indicates that he filed his post-conviction motion for relief from judgment, which was denied by Wayne County Circuit Court Judge Vonda Evans. After the motion was denied, Petitioner discovered new evidence that his trial counsel had a conflict of interest because he was allegedly receiving money from a prosecution witness. Petitioner also alleges he found additional claims that he wanted to raise

---

[1] The denial is without prejudice to Petitioner filing any separate civil rights complaint under 42 U.S.C. § 1983,.

4

in an amended motion for relief from judgment. Petitioner filed a motion to amend his post-conviction motion for relief from judgment to add these claims, as well as a motion to reissue the order denying post-conviction relief because petitioner did not receive the initial order denying the motion in a timely manner. Petitioner contends that Judge Evans' successor, Judge Noah Hood, forwarded his amended post-conviction motion to the Wayne County Prosecutor's Office Conviction Integrity Unit for an investigation into whether trial counsel was laboring under a conflict of interest.

A federal district court has the power to extend the stay of a habeas petition. *McFarland v. Scott*, 512 U.S. 849, 857 (1994) (citing 28 U.S.C. § 2251). An extension of the terms of the original stay order is unnecessary in this case, however. The original opinion and order holding the petition in abeyance stated that Petitioner was to return to the federal court within ninety days of completing the exhaustion of state post-conviction remedies, and that time has not yet passed.[2]

---

[2] Petitioner's amended post-conviction motion is pending in the state trial court. A habeas petition should be denied on exhaustion grounds where a state post-conviction motion remains pending in the state courts. *Juliano v. Cardwell,* 432 F. 2d 1051, 1051 (6th Cir. 1970); *Haggard v. State of Tenn.,* 421 F. 2d 1384, 1386 (6th Cir. 1970). If the trial court denies the motion, Petitioner has the ability to appeal that

Petitioner's motion for an extension of time is therefore denied because it is not yet ripe for consideration. Petitioner has, to date, complied with the terms of the original stay order, which provides that he shall have **ninety (90) days** from the conclusion of his state post-conviction proceedings in the Michigan appellate courts to file an amended petition along with a motion to lift the stay, using the same case number.

D.  **Conclusion**

Accordingly, Petitioner's motion for immediate consideration (ECF No. 14) is **DENIED AS MOOT**. The motion to permit or forestall transfers (ECF No. 15) is **DENIED.** The motion for an extension of time to hold the petition in abeyance (ECF No. 16, 17) is **DENIED**.

IT IS SO ORDERED.

Dated: July 7, 2020  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

---

denial to the Michigan appellate courts. Where a habeas petitioner has an opportunity under state law to file an appeal following the state trial court's denial of his or her state post-conviction motion, that petitioner has not yet exhausted his or her state court remedies. See *Cox v. Cardwell,* 464 F. 2d 639, 644-45 (6th Cir. 1972).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 7, 2020.

s/William Barkholz<br>WILLIAM BARKHOLZ<br>Case Manager